IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                    :        CASE NO. 08-1293 (ESL)
                                          :
FRANCISCO INFANTE RAMON                   :        CHAPTER 7
                                          :
                                          :
        Debtor                            :
_____   :

## OPINION AND ORDER

There are two interrelated matters pending before this court. The first is the Chapter 7 trustee's objection to debtor's claim of exemptions and debtor's opposition thereto. The second is the debtor's opposition to the "trustee's sine die continuance and request to deem §341 meeting closed." The motion to deem the 341 meeting closed stands unopposed.

The Chapter 7 trustee objects to the amended claim of exemptions filed by the debtor on September 9, 2011 over an undisclosed post petition extrajudicial personal injury settlement. The debtor claimed an exemption in the amount of $4,000 for attorneys fees collected without court authorization; and $16,000 for an award of damages resulting from pain and suffering. The Chapter 7 trustee alleges, and the record corroborates, that the amendment was made after the Chapter 13 trustee had filed an objection to debtor's amended claim of exemptions. The Chapter 13 trustee's objection to exemptions was filed on July 21, 2011 and the debtor voluntarily converted the case to Chapter 7 on August 3, 2011. The debtor answered the Chapter 13 trustee's objection to exemptions on August 25, 2011. The debtor subsequently, that is, on September 9, 2011 filed amended schedules, including an amended schedule C (Exemptions).

The Chapter 7 trustee alleges that the exemption over the attorney's fees in the amount of $4,000 exceeds the amounts allowed under 11 U.S.C. § 522(d)(5). The Chapter 7 trustee further alleges that the debtor has not presented any evidence of the quantification of damages in order that the debtor may claim an exemption under 11 U.S.C. § 522(d)(11)(D).

The debtor opposes the Chapter 7 trustee's objection to exemptions on three grounds: first, the assets claimed as exempt under the Chapter 13 case are not property of the Chapter 7 estate; second, even if the assets are part of the Chapter 7 estate, the objection is late as having been filed

beyond the thirty (30) day limitation period in Rule 4003(b) of the Fed. R. Bankr. P., and, third, that the Chapter 7 trustee has not met the burden to show that the debtor did not suffer the personal injury damages claimed and, thus, an evidentiary hearing is necessary. Debtor's amended opposition expands his legal support to state that after considering the effects of a conversion to chapter 7, as set forth in 11 U.S.C. § 348(f)(1(A) the postpetition cause of action is not property of the Chapter 7 estate.

DISCUSSION

A. Adjournment/Closing of the 341 Meeting of Creditors

Section 341(a) of the Bankruptcy Code, 11 U.S.C. § 341(a), requires that a meeting of creditors be convened "{w}ithin a reasonable time after the order for relief." Rule 2003(a) of the Fed. R. Bankr. P. provides the time frame within which a meeting of creditors must be scheduled for each chapter under which a bankruptcy petition may be filed. Rule 2003(e) states that "[t]he meeting may be adjourned from time to time by announcement at the meeting of the adjourned date and time without further written notice." Rule 2003(e) specifically requires that the date and time to which the meeting of creditors is adjourned be announced at the meeting. A chapter 7 trustee may not hold the meeting open indefinitely or *sine die* as such a continuance will unduly prolong the time to object to the debtor's claimed exemptions. In re Newman, 428 B.R. 257 (B.A.P. 1st Cir. 2010). See also In re Cushing, 401 B.R. 528 (B.A.P. 1st Cir. 2009). The 30-day period set forth in Rule 4003(b)(1) for the trustee to object to a debtor's claim of exemptions must be strictly interpreted. In re Kuhnel, 495 F. 3d 1177 (10th Cir. 2007).

Trustees should continue or adjourn a meeting of creditors following Rule 2003(e). The date and time of the adjourned meeting must be specified in the meeting minutes. Otherwise, the meeting will be deemed closed. In chapter 13 cases, as was the case in In re Cushing, this ruling may operate against the debtor and cause the dismissal of the petition. In chapter 7 cases, as was the case in In re Newman, the debtor may benefit by enforcing the 30-day period to object to exemptions set forth in Rule 4003(b)(1). In view of the above, the court hereby grants debtor's request to deem the 341 meeting closed as of September 13, 2011.

Although the court has granted debtor's motion to deem the 341 meeting closed as of the

conclusion of the examination of the debtor on September 13, 2011, the facts of this case do not move the court to apply the same to bar the trustee's motion objecting to debtor's claim of exemptions over proceeds of a post petition extrajudicial personal injury settlement not promptly disclosed while the case was under chapter 13 for having been filed late. The court notes that the objection to exemptions was filed on the same date as the virtual entry indicating that the 341 meeting of creditors was continued *sine die*. The sequence and timing of critical events in this case should not thwart the Chapter 7 trustee's objection on the ground that it was filed (October 30, 2011) after the 30 days after the court now has ordered the 341 meeting deemed concluded (October 13, 2011).

The case was filed on March 3, 2008 under Chapter 13. On June 16, 2008 the court entered an order confirming debtor's Chapter 13 plan. A request for post confirmation modification under section 1329 was granted on September 18, 2009. On April 13, 2010 the court granted debtor's second request for a post confirmation modification. On June 16, 2011 the debtor filed amended schedules B and C, to include and exempt a post petition extra judicial claim and settlement with Real Legacy Assurance for damages suffered on April 12, 2010. The Chapter 13 trustee moved the court on June 22, 2010 to order the debtor to file, and notify documents relative to the settlement. The Chapter 13 trustee also requested on June 22, 2011, and the court granted, an extension to file an objection to the exemption over the settlement proceeds. On July 1, 2011 the debtor filed an amended schedule C. On July 21, 2011 the Chapter 13 trustee filed an objection to the amended claim of exemptions. On August 3, 2011 the debtor filed a notice of conversion from chapter 13 to chapter 7. The debtor also requested an extension of time to answer the Chapter 13 trustee's objection to exemption, that is, on the same day that the case was being converted to chapter 7. The debtor's response to the Chapter 13 trustee's objection to exemption was filed on August 25, 2011, that is, six days after the Chapter 13 trustee had filed his final report on a converted case; and nine days after the court had noticed the conversion to chapter 7 and had scheduled the 341 meeting of creditors under chapter 7 for September 8, 2011.

On August 20, 2011 the debtor (not the Chapter 7 trustee) gave notice that the 341 meeting had been rescheduled to September 13, 2011. On September 9, 2011 the debtor filed amended schedules A, B, C, I an J, as well as an amended statement of financial affairs. On the same date of

3

The amended schedules and statement of financial affairs were filed on the same date of the originally scheduled 341 meeting under chapter 7. The trustee continued the meeting of creditors for September 13, 2011. The minutes of the September 13, 2011 341 meeting showing that the meeting was continued *sine die* were filed on October 30, 2011, the same date that the Chapter 7 trustee renewed the objection to exemptions which had been filed by the Chapter 13 trustee.

In view of the foregoing, the court denies the debtor's request to find that the Chapter 7 trustee's objection to exemptions was filed late. The timing and sequence of events in the case as it relates to an undisclosed asset of the chapter 13 estate, the claiming of an exemption of the same, the timely filing by the Chapter 13 trustee of an objection to exempting the settlement proceeds, and the renewal by the Chapter 7 trustee of the objection to exemptions filed by the Chapter 13 trustee so warrant. Consequently, the court proceeds to consider the merits of the objection to exemptions.

B. Property of the Estate and Exemptions

All property in which the debtor has a legal or equitable interest becomes property of the estate upon the commencement of a bankruptcy case. 11 U.S.C. § 541(a)(1). The debtor may exempt property of the estate in the amounts and for the items specified in 11 U.S.C. § 522. The property claimed as exempt by the debtor is not distributed to creditors, Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992), as the exempted interest in the property is no longer part of the bankruptcy estate. 11 U.S.C. § 522(l); Owen v. Owen, 500 U.S. 305 (1991). Property claimed as exempt vests in the debtor. In re Cunningham, 513 F.3d 318, 324 (1st Cir. 2008). Exemptions are determined as of the date of the filing of the bankruptcy petition. In re Cunnigham, 513 F. 3d at 324. The exemption provisions are part of the statutory design to provide debtors with a fresh start. Rousey v. Jacoway, 544 U.S. 320, 322, 325 (2005). The property that a debtor may claim as exempt is property that is property of the estate upon the commencement of the bankruptcy case, that is, on petition date.

The instant case was commenced as a voluntary petition under Chapter 13 of the Bankruptcy Code on March 3, 2008. The definition of property of the estate under Chapter 13 is broader than under Chapter 7. See 11 U.S.C. § 1306. Property of the estate in a chapter 13 case includes, in addition to the property specified in section 541 of the Bankruptcy Code, all property that the debtor acquires after the commencement of the case but before the case is closed. 11 U.S.C. § 1306 (a)(1).

A prepetition cause of action is property of the estate under section 541, and any amounts recovered by the debtor after the commencement of the case and before the case is closed is also property of the estate in a Chapter 13 case pursuant to section 1306. A postpetition cause of action in an open Chapter 13 case is property of the estate.

However, the case was voluntarily converted to Chapter 7 on August 3, 2011.  Section 348 of the Bankruptcy Code provides for the effect of conversion.  The conversion of a case "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a).  The exceptions to this general rule, included in subsections (b) and (c) of section 348 are not relevant to this case.  The effect of conversion on property of the estate is set forth in section 348 (f), which states as follows:

> (f) (1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion;
> (B) . . .
> (C) . . .
> (2) If the debtor converts a case under chapter 13 of this title to a case under another chapter under this title in bad faith, the property of the estate in the converted case shall consist of the property of the estate as of the date of conversion.

The case was converted from chapter 13 to chapter 7 on August 3, 2011.  As of this date, there are no allegations by any party in interest that the case was converted in bad faith.  Consequently, the provisions of § 348 (f)(2) are not applicable to the contested matter before the court.  What is property of the estate in this case converted from chapter 13 to chapter 7 is whatever was property of the estate as of petition date, that is, March 3, 2008.  The determination hinges on section 541 and not the expanded provisions of section 1306.  In re Young, 66 F. 3d 376 (1st Cir. 1995).

The damages were suffered on April 12, 2010, well after 180 days after petition date.  Therefore, the same are not property of the chapter 7 estate.  11 U.S.C § 541 (a)(5).  The settlement amounts were also received after 180 days from petition date.  Consequently, the same are not property of the chapter 7 estate, and there is no need to claim as exempt the settlement amounts because the same are not property of the estate.

CONCLUSION

In view of the foregoing, the Chapter 7 trustee's objection to exemptions is hereby denied as the property being claimed as exempt is not property of the Chapter 7 estate.

SO ORDERED.

In San Juan, Puerto Rico, this 17th day of April, 2012.

Enrique S. Lamoutte
United States Bankruptcy Judge

6